UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GREGORY LEE WASHINGTON, ) ) Petitioner, ) ) v. ) ) PEOPLE OF THE STATE OF ) CALIFORNIA, ) ) Respondent. ) | No. CV 15-7401-VAP(AJW) MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE |

Petitioner filed a document entitled "Application for an Extension of Time to File Petition for Writ of Habeas Corpus," in which petitioner explains that he has limited access to the prison law library and difficulties making copies of legal documents. He requests additional time to file a petition in this Court. Liberally construing the document as a petition for a writ of habeas corpus, it is subject to summary dismissal.

As pleaded, the petition does not present any claims for relief, let alone state whether petitioner has exhausted his state remedies with respect to any potential claim. See 28 U.S.C. §2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

unless it appears that the applicant has exhausted the remedies available in the courts of the State.").

To the extent that petitioner might seek application of statutory or equitable tolling to any future federal petition he may elect to file, see 28 U.S.C. §2244(d)(2); Holland v. Florida, 130 S.Ct. 2549, 2562 (2010), such a request is premature. Petitioner has not yet filed a proper federal petition challenging his conviction or sentence. Further, at this stage, whether the state will raise a statute of limitation defense pursuant to 28 U.S.C. §2244(d) if petitioner does file a federal petition is purely speculative. The timeliness of any federal petition properly filed by petitioner should be considered if and when petitioner files such a petition. Thus, the issue of petitioner's entitlement to the application of statutory or equitable tolling is not ripe for determination.[1]

Finally, the petition does not name a proper respondent. A

---

[1] Generally, a state conviction is final ninety days after the petitioner's petition for review is denied, see Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999), and a petitioner has one year from that date within which to file a federal petition. In addition, this period would be extended if petitioner has a properly filed state application for relief pending or is entitled to equitable tolling. See 28 U.S.C. §2244(d)(2) (explaining that the one year period does not include any time during which a properly filed state application for relief is pending); Carey v. Saffold, 536 U.S. 214, 218-219 (2002) (holding that in California, state habeas petitions are "pending" so as to toll the limitation period during the interval between a lower court's determination of an initial petition and the filing of a subsequent petition in a higher court); Pace v. DiGuglielmo, 544 U.S. 408, 413-414 (2005)(state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state petition was timely filed under state law and equitable tolling is available only if the petitioner has been pursuing his rights diligently but some extraordinary circumstance stood in his way). Based upon the exhibit submitted by petitioner, it appears that the California Supreme Court denied his petition for review on September 17, 2014. His conviction would have become final ninety days later – on December 16, 2014 – and petitioner would have until December 16, 2015 within which to file a federal habeas corpus petition. Because the record is incomplete, however, nothing in this order should be construed as expressing an opinion as to the timeliness of this or any future petition.

2

petitioner seeking habeas relief must name as a respondent to the petition the state officer having custody of the petitioner. Rule 2(a) of the Rules Governing Section 2254 Cases; <u>Belgarde v. Montana</u>, 123 F.3d 1210, 1212 (9th Cir. 1997). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994) (per curiam). Typically, the proper respondent is the warden of the institution in which the petitioner is incarcerated. <u>Stanley</u>, 21 F.3d at 360. Because petitioner does not name either the warden of the prison at which he is incarcerated or the Secretary of the California Department of Corrections and Rehabilitation, the Court lacks personal jurisdiction over the proper respondent.

    Based upon these deficiencies, the petition is dismissed without prejudice and with leave to amend. Petitioner shall have twenty-eight (28) days from the date of this order within which to file an amended habeas petition <u>on the forms provided by the clerk</u>. The amended petition must name the proper respondent, bear case number CV 15-7401-VAP(AJW), and set forth each of petitioner's claims for relief. It also must indicate whether each claim has been presented to the California Supreme Court.

    Petitioner is cautioned that failure to timely comply with this order will result in dismissal of this action without prejudice.

**It is so ordered.**

Dated: <u>October 27, 2015</u>

S

    Andrew J. Wistrich
United States Magistrate Judge

3